IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

| | |
|---|---|
| BLUE WATER AUTONOMY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 26-936 C |
| | ) (Judge Hadji) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | |
| SAILDRONE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 26-944 C |
| | ) (Judge Hadji) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S CONSENT MOTION FOR SCHEDULING ORDER

Pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests, with the consent of all parties, that the Court enter a scheduling order concerning cross-motions for judgment upon the administrative record.

On June 29 and 30, 2026, plaintiffs Blue Water Autonomy, Inc. (Blue Water) and Saildrone, Inc. (Saildrone) commenced these bid protests challenging an evaluation by the United States Navy that their respective proposals for medium unmanned surface vessels (MUSVs) were not technically acceptable under Solicitation No. N00024-26-R-6326, and thus did not qualify for further testing and a prototype other transaction agreement (OTA) pursuant to

10 U.S.C. § 4022. The Navy selected seven proposals for further testing, but the plaintiffs' proposals were not among them.

We have advised all parties that certain performance on the protested OTAs is expected to proceed during the litigation. However, to facilitate judicial review, the Navy voluntarily has agreed not to take any administrative action through October 30, 2026, that would prevent any successful protestor from being able to execute the MUSV prototype statement of work, including to complete the testing phase of the prototype award and having a full and fair opportunity to negotiate an award of a production contract or transaction, unless the Court has issued a decision that would allow such action to proceed. We understand the voluntary partial stay of performance by the Navy obviates the need for any motions for preliminary injunctive relief in this case, and that Blue Water intends to withdraw its motion for preliminary injunction (ECF No. 5).

In light of the foregoing, the parties have consulted and agree that the following proposed schedule will promote efficient case management:

1. Consolidation of case No. 26-944 into lead case No. 26-936.

2. Defendant shall serve (or file) the administrative record by July 20, 2026.

3. Plaintiffs' respective motions for judgment upon the administrative record shall be filed by August 10, 2026. Defendant's motion to dismiss for lack of jurisdiction also shall be filed by August 10, 2026.

4. Defendant's consolidated cross-motion for judgment upon the administrative record, and response to plaintiffs' respective motions for judgment upon the administrative record, shall be filed by August 24, 2026. Plaintiffs' respective responses to defendant's motion to dismiss also shall be filed by August 24, 2026.

5. Plaintiffs' respective replies in support of their motions for judgment upon the administrative record and responses to defendant's cross-motion for judgment upon the administrative record shall be filed by August 31, 2026. Defendant's reply in support of its motion to dismiss also shall be filed by August 31, 2026.

6.      Defendant's reply in support of its cross-motion for judgment upon the administrative record shall be filed by September 8, 2026.

7.      Defendant shall file the joint appendix by September 14, 2026.

8.      The parties respectfully request that the Court schedule oral argument on one of the following days:  September 17, 18, 22, 23, 24, or 25, 2026.  The parties respectfully express a preference for oral argument on September 17 or 18, if that would be convenient for the Court.

The parties developed the aforementioned proposed schedule in light of the voluntary partial stay that runs through October 30, 2026, and the parties respectfully request that the Court issue a decision in this case by October 30, 2026.  Moreover, based upon the proposed briefing schedule, and pursuant to RCFC 52.1(c)(3), defendant need not file an answer to the complaints.

Finally, all parties and proposed parties have consented to this motion.  In email correspondence with the undersigned counsel for defendant on July 2, 2026, counsel for (1) Blue Water, Alexander Canizares, indicated that his client consents to this motion; and (2) Saildrone, Laura King, indicated that her client consents to this motion.

For these reasons, we respectfully request that the Court adopt the foregoing proposed schedule concerning cross-motions for judgment upon the administrative record and defendant's motion to dismiss for lack of jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CORINNE A. NIOSI
Assistant Director

Of Counsel:

GWENDOLYN IACI

s/ Douglas Edelschick
DOUGLAS G. EDELSCHICK
Senior Trial Counsel
Commercial Litigation Branch

- 3 -

Supervisory Associate Counsel
NAVSEA Office of Counsel
1333 Isaac Hull Avenue, Bldg 197
Washington Navy Yard, D.C. 20376

July 2, 2026

Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Tel:  (202) 353-9303

Attorneys for Defendant United States