IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

| | |
|---|---|
| BLUE WATER AUTONOMY, INC., et al., *Plaintiffs*, v. THE UNITED STATES, *Defendant*. | Nos. 26-936, 26-944 Judge Philip S. Hadji |

**MOTION TO INTERVENE**

Pursuant to Rule 24(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), HII Unmanned Systems, Inc. ("HII"), by and through undersigned counsel, respectfully moves to intervene in the above-captioned consolidated protests. As requested by counsel for the United States, HII represents that it will abide by the existing schedule and existing protective order in the above-referenced cases, if its motion to intervene is granted.

Counsel for HII has conferred with counsel for the United States, counsel for protester Blue Water Autonomy, Inc. ("Blue Water"), and counsel for protester Saildrone, Inc. ("Saildrone"). Counsel for the United States indicated that he does not oppose this motion. Counsel for both protesters have stated that they oppose this motion.

BACKGROUND

The Department of the Navy, Portfolio Acquisition Executive ("PAE") for Robotic and Autonomous Systems ("RAS") has awarded seven Medium Unmanned Surface Vessels ("MUSV") prototype other transaction agreements under Solicitation No. N00024-26-R-6326. In Phase 1 of the competition, it determined HII's proposal to be of merit and invited HII — and

1

six other contractors — to participate in Phase 2.  HII is therefore one of the Phase 2 awardees. *See, e.g.*, ECF No. 42, Saildrone Redacted Compl. at 4 ("Saildrone first learned from a public news article that [the Navy] had selected seven other awardees."); ECF No. 31, Blue Water Redacted Compl. at 41 ("Such injunctive relief and an expedited briefing schedule in this protest thus will be necessary to minimize the prejudice to Blue Water as the Navy proceeds to conduct tests of the awardees' vessels.")

On June 29, 2026, Blue Water filed a protest in this matter.  On June 30, 2026, Saildrone filed a protest in this matter.  HII was not provided a copy of the pre-filing notices and was not otherwise notified of the protests.

Over one month later, on Tuesday, July 14, 2026, Saildrone and Blue Water filed redacted versions of their protests.  *See* ECF No. 30, Saildrone Redacted Original Compl.; ECF No. 31, Blue Water Redacted Compl.  Saildrone then filed a revised version of its redacted protest on Friday, July 17, 2026.  *See* ECF No. 42, Saildrone Redacted Compl.

In their complaints, Blue Water and Saildrone challenge the Navy's determination that their MUSV proposals were not technically acceptable and their resultant exclusion from Phase 2.  Blue Water has asked this Court to "[d]eclare the Navy's evaluation and award decision arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law[,]" ECF No. 31, Blue Water Redacted Compl. at 43, and both protesters have sought to enjoin the Navy from expending the full amount of funding allocated to MUSV, *see id.*; ECF No. 42, Saildrone Redacted Compl. at 38.  Both protesters also appear to question the awardees' ability to meet the Navy's requirements.  *See, e.g.*, ECF No. 42, Saildrone Redacted Compl. at 6 ("[The Navy] accepted other proposals notwithstanding design-maturity, fielding, manufacturing-readiness, or test-readiness issues more significant than the issues [the Navy] cited against Saildrone."); ECF

No. 31, Blue Water Redacted Compl. at 4-5 (asserting that "no vessel could meet" the standard applied by the Navy when evaluating Blue Water).

On July 2, 2026, the Government filed a Consent Motion for Scheduling Order stating that "the Navy voluntarily has agreed not to take any administrative action through October 30, 2026, that would prevent any successful protester from being able to execute the MUSV prototype statement of work, including to complete the testing phase of the prototype award and having a full and fair opportunity to negotiate an award of a production contract or transaction . . . ."  ECF No. 16, Consent Motion at 2.

On July 16, 2026, *Defense News*, an industry publication, ran a story about the redacted complaints filed earlier that week.  *See* Riley Ceder, *2 Defense Tech Companies Sue US Navy After Losing Out on MUSV Program*, Defense News (Jul. 16, 2026), https://www.navytimes.com/industry/techwatch/2026/07/16/2-defense-tech-companies-sue-us-navy-after-losing-out-on-musv-program/.

<u>ARGUMENT</u>

Under RCFC 24(a)(2), a party is permitted to intervene as of right if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

HII has a right to intervene under RCFC 24(a)(2).  *First*, HII has an interest that could be impeded by the disposition of the present protests because the protesters have (1) questioned the awardees' ability to meet requirements; (2) asked this Court to declare the evaluation and award decision that resulted in HII's selection to be arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; and (3) further asked this Court to enjoin the Navy from

3

expending the full amount of funding allocated to MUSV.  *See* ECF No. 31, Blue Water Redacted Compl. at 43; ECF No. 42, Saildrone Redacted Compl. at 38.

*Second*, HII's interests are not adequately represented by the Government.  The Government cannot adequately represent a non-party if its interests diverge from those of the non-party.  *See Global K9 Protection Group, LLC v. United States*, 175 F.4th 1348, 1355 (Fed. Cir. 2026).  As an example of that potential divergence here, a partial stay has already been agreed to between the parties, which has the potential to negatively impact HII's ability to perform during Phase 2.  *See* ECF No. 16, Consent Motion at 3.

*Third*, HII's intervention is timely.  HII did not receive copies of the pre-filing notices and was not otherwise notified of the protests.  It now files this motion to intervene within the week following the protesters' filing of their redacted complaints and a resultant article in an industry publication.

Even if a party does not qualify for intervention by right under RCFC 24(a)(2), the Court has discretion to allow intervention under RCFC 24(b) by any party that "has a claim or defense that shares with the main action a common question of law or fact."  RCFC 24(b)(1)(B).  In the alternative, and for all the reasons stated above, HII moves for permissive intervention under RCFC 24(b).  Central to both HII's defense and the main action is the propriety of the Navy's selection decision that resulted in HII and six others advancing to the at-sea testing phase of the MUSV program.  In addition, HII's intervention will not unduly delay or prejudice adjudication, as HII has committed to abide by the existing schedule in these cases.

WHEREFORE, HII respectfully requests that the Court grant this motion to intervene as a party-defendant in this action.

Dated: July 24, 2026

Respectfully submitted,

/s/ J. Hunter Bennett
J. Hunter Bennett
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Tel: (202) 662-5424
Fax: (202) 778-5424

*Attorney of Record for
HII Unmanned Systems, Inc.*

Of counsel:
Kayleigh Scalzo
Jason A. Carey

5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

|  |  |
|---|---|
| BLUE WATER AUTONOMY, INC., et al.,<br>            *Plaintiffs*,<br><br>        v.<br><br>    THE UNITED STATES,<br>            *Defendant*. | Nos. 26-936, 26-944<br>Judge Philip S. Hadji |

**[PROPOSED] ORDER**

Pursuant to Rule 24(a)(2) of the Rules of the United States Court of Federal Claims, the

Court GRANTS the motion of HII Unmanned Systems, Inc. to intervene as defendant-intervenor

in the above-captioned case.

 

 

_____
Hadji, J.

Dated: July ___, 2026