**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **BLUE WATER AUTONOMY, INC.,** *et al.,* ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **THE UNITED STATES,** ) | **Nos. 26-936, 26-944** |
| ) | |
| *Defendant,* ) | **Judge Philip S. Hadji** |
| ) | |
| **and** ) | |
| ) | |
| **HII UNMANNED SYSTEMS, INC.,** *et al.,* ) | |
| ) | |
| *Defendant-Intervenors.* ) | |
| ) | |

**UNOPPOSED MOTION OF LEIDOS, INC. TO INTERVENE**

Leidos, Inc. ("Leidos"), by its undersigned counsel, respectfully moves to intervene in the above-captioned case pursuant to Rule 24 of the Rules of the United States Court of Federal Claims. This motion is unopposed: Counsel for Plaintiff Blue Water Autonomy, Inc. ("Blue Water"), Plaintiff Saildrone, Inc. ("Saildrone"), Defendant the United States, Defendant-Intervenor HII Unmanned Systems, Inc., and Defendant-Intervenor Saronic Technologies, Inc. have been consulted regarding this motion, and no party opposes intervention by Leidos. Leidos hereby agrees to abide by the existing schedule (ECF No. 18) and the protective order (ECF No. 29) in these consolidated cases if its motion to intervene is granted.

On June 29, 2026, Blue Water filed a complaint in this Court challenging the U.S. Department of the Navy's award of seven Medium Unmanned Surface Vessels ("MUSV") prototype other transaction agreements under Solicitation No. N00024-R-6326. *See* ECF No. 1 (No. 26-936). On June 30, 2026, Saildrone filed a complaint in this Court also challenging the

Navy's MUSV other transaction agreement awards. *See* ECF No. 1 (No. 26-944). On July 2, 2026, this Court consolidated these two bid protest actions for further proceedings. *See* ECF No. 18. Leidos is an awardee of one of the MUSV prototype other transaction agreements at issue in these consolidated bid protest actions (*see* ECF No. 31 at 21 (Blue Water redacted complaint); ECF No. 42 at 22 (Saildrone corrected redacted complaint)); therefore, Leidos is entitled to intervene as a matter of right in accordance with Rule 24(a)(2). Alternatively, Leidos respectfully requests that it be permitted to intervene pursuant to Rule 24(b)(1)(B).

Rule 24(a)(2) provides that the Court must permit the intervention of any party that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." As an awardee of one of the prototype other transaction agreements at issue in these proceedings, Leidos has a direct and substantial interest in the transaction at issue in this bid protest that is not adequately represented by the existing parties to this litigation. As such, Leidos is entitled to intervene as of right.

This Court has recognized that the economic interest of a party in the award of a contract or agreement is an interest sufficient to establish a party's right to intervene in a bid protest and, therefore, routinely permits contract awardees to intervene in actions challenging the agency's award decision. *See, e.g.*, *Emerald Coast Finest Produce Co. v. United States*, 74 Fed. Cl. 679, 680-81 (2006) (granting awardee's motion to intervene as of right). Leidos' interests are not adequately represented by the existing parties, and the disposition of this action may impair or impede its ability to protect its interests. In this regard, the interests of Leidos and the United States and the other Defendant-Intervenors in these proceedings are not sufficiently aligned so as

2

to preserve and protect Leidos' interests. Where, as here, the existing defendant is a governmental entity, there can be no presumption that its representation of a private party will be adequate unless it is charged by law with representing the interests of the intervenor. *See, e.g.*, *Natural Res. Def. Council, Inc. v. Envtl. Prot. Agency*, 99 F.R.D. 607, 610 n.5 (D.D.C. 1983). In the present case, the Navy is not charged by statute to represent Leidos' interests.

Finally, Leidos' unopposed motion is timely. The Court has recently granted the unopposed motions to intervene filed by two other awardees (*see* ECF No. 54), and Leidos has expressly agreed to abide by the existing scheduling order (ECF No. 18) issued by the Court. Allowing Leidos to intervene at this time—before the first round of substantive briefing has commenced (*see* ECF No. 18)—will in no way delay the action or cause prejudice to the existing parties.

If, however, the Court finds that Leidos is not entitled to intervene as of right under Rule 24(a), Leidos respectfully requests that the Court allow Leidos to permissively intervene pursuant to Rule 24(b)(1)(B), which provides, in relevant part, that the Court may permit a party to intervene that "has a claim or defense that shares with the main action a common question of law or fact." The redacted complaints filed by both protesters challenge the Navy's selection decisions, and, as an awardee, Leidos has a direct interest in defending against the protesters' claims. As noted above, Leidos has agreed to abide by the existing scheduling order, and permitting Leidos to intervene at this time will cause no delay in the proceedings and no prejudice to the existing parties. Rather, permitting Leidos' intervention will serve only to further illuminate the issues and to provide necessary protection of Leidos' interests.

Accordingly, Leidos respectfully requests that the Court enter an order granting Leidos'

intervention in these consolidated proceedings.

Dated:  August 4, 2026

*Of Counsel*:

James J. McCullough
Robert C. Starling
Noah B. Curtiss
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
801 17th Street, N.W.
Washington, D.C.  20006
Tel:  (202) 639-7000

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP


/s/ Michael J. Anstett
Michael J. Anstett
801 17th Street, N.W.
Washington, D.C.  20006
Tel:  (202) 639-7390
Email:  Michael.Anstett@friedfrank.com

*Counsel for Leidos, Inc.*

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **BLUE WATER AUTONOMY, INC.,** *et al.,* | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | **Nos. 26-936, 26-944** |
| | ) | |
| *Defendant*, | ) | **Judge Philip S. Hadji** |
| | ) | |
| **and** | ) | |
| | ) | |
| **HII UNMANNED SYSTEMS, INC.,** *et al.,* | ) | |
| | ) | |
| *Defendant-Intervenors.* | ) | |
| | ) | |

## [PROPOSED] ORDER

On August 4, 2026, Leidos, Inc. filed an unopposed motion to intervene in the above-captioned consolidated protests. Accordingly, pursuant to Rule 24(a)(2) of the Rules of the United States Court of Federal Claims and for good cause shown, the Motion is **GRANTED**.

**IT IS SO ORDERED**.

_____
Philip S. Hadji
Judge

Dated: August ___, 2026